UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRIAN SAWYERS, | No. CV 09-06548-ODW (VBK) |
| Petitioner, | MEMORANDUM AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| v. | WITH LEAVE TO AMEND AND GRANTING PETITIONER'S REQUEST FOR A STAY. |
| DERRALL HEDGPETH, | |
| Respondent. | |

**INTRODUCTION**

On September 9, 2009, Brian Sawyers (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254 ("Petition"). In accordance with the Court's Order Requiring Response to Petition, on October 14, 2009, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus; Memorandum of Points and Authorities in Support" ("MTD") and "Notice of Lodging," contending that the Petition should be dismissed on the grounds that it is unexhausted. On October 22, 2009, the Court issued a Minute Order ordering Petitioner to file an Opposition or Statement of Non-Opposition to Respondent's MTD. Further, in light of Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528,

1535 (2005), the Court advised Petitioner that, if he concedes that the claims are not exhausted, he could request a Stay.

On November 13, 2009, Petitioner filed a document entitled "Petitioner's Opposition to Respondent's Motion to Dismiss/Request for Stay and Abeyance to Exhaust State Remedies." On November 17, 2009, the Court issued a Minute Order ordering Respondent to file an Opposition or Statement of Non-Opposition to Petitioner's Request for Stay and Abeyance. On December 10, 2009, Respondent filed a document entitled "Respondent's Opposition to Petitioner's Request for Stay and Abeyance; Memorandum of Points and Authorities."

The matter has been deemed submitted and now ready for decision. Having reviewed the allegations in the Petition, the matters set forth in the Motion to Dismiss and Petitioner's Opposition and Request for Stay and Abeyance and Respondent's Opposition to Request for Stay and Abeyance, it is **HEREBY ORDERED** that the Motion to Dismiss be granted with leave to amend and Petitioner's Request for a Stay be granted.

### BACKGROUND

Following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of shooting at an inhabited dwelling in violation of California Penal Code ("PC") §246(a), two counts of assault with a semiautomatic firearm in violation of PC §245(b) and the jury found true accompanying gang enhancements in violation of PC §§186.22(b)(1)(C) and (b)(1)(A). (Lodgment 1 [Abstract of Judgment].)

Petitioner appealed the judgment of conviction. On June 25, 2007, the California Court of Appeal affirmed in part, reversed in part and remanded with directions. (Lodgment 2.) The California Court of Appeal held that Petitioner was improperly sentenced on Count 3

(assault with a semiautomatic firearm) to the upper term of 9 years based on facts not found beyond a reasonable doubt by the jury. Petitioner's convictions were otherwise affirmed. (Lodgment 2 at 28-33.)

Petitioner filed a Petition for Review in the California Supreme Court. (Lodgment 3.) Respondent also filed a Petition for Review in the California Supreme Court. (Lodgment 4.) On August 29, 2007, the Petitions for Review were granted and further action was deferred pending further order of the Court. On August 27, 2008, the California Supreme Court dismissed and remanded the matter to the California Court of Appeal in light of People v. Towne, 44 Cal.4th 63, 78 Cal.Rptr.3d 530 (2008). (Lodgment 5.)

On remand for resentencing, Petitioner was again sentenced by the Los Angeles County Superior Court to the upper term of nine years on Count 3, for assault with a semiautomatic firearm. Petitioner appealed and the judgment was affirmed on July 20, 2009 by the California Court of Appeal. (Lodgment 6.) Petitioner did not file a Petition for Review in the California Supreme Court. (See Notice of Lodging 7.) Petitioner has not filed any Petitions for Writ of Habeas Corpus in the California Supreme Court. (See Petition at 3, 8.)

**PETITIONER'S CONTENTIONS**

Petitioner contends the following, inter alia:

1. Insufficient evidence to support the Penal Code §246 conviction;
2. Petitioner did not shoot at the victim's house and thus cannot properly be convicted of violating Penal Code §246;
3. Penal Code §246 may not be affirmed on a conscious disregard

3

|   |   |   |
|---|---|---|
| 1 |    | theory when the jury was never instructed on that theory; |
| 2 | 4. | The trial court prejudicially misinstructed the jury regarding the natural and probable consequence of co-defendant target offenses; |
| 5 | 5. | Petitioner was prejudiced by the erroneous instruction; |
| 6 | 6. | [Petitioner skipped]; |
| 7 | 7. | The jury's true finding on the gang enhancement must be reversed as to Petitioner (the aider and abetter) because the jury found the gang enhancement not true as to co-defendant Macklin (the principal); |
| 11 | 8. | Remand for resentencing is required because the trial court believed it had no discretion to strike the gang enhancement; |
| 14 | 9. | The sentence on Count Four should have been stayed pursuant to section 654; |
| 16 | 10. | Petitioner's upper term sentence is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004); and |
| 18 | 11. | The trial court prejudicially erred by failing to instruct sua sponte with section 246.3 and Pomona Municipal Code section 34-81, lesser included offenses to shooting at an inhabited dwelling house. |

(See Petition at p. 5-6; attached pages.)

## DISCUSSION

Respondent contends that the within Petition is "mixed" petition and is unexhausted as Petitioner failed to exhaust Grounds One, Two, Three and Seven through Eleven. Petitioner alleges he was under 18 years of age during the appeals process and that his appellate counsel

4

informed him that all of his claims had been presented to the California Supreme Court. (Opposition at 2.) Petitioner requests the Court grant him a Stay so he may present his unexhausted claims to the California Supreme Court. (Id.)

Here, Petitioner filed a single Petition for Review in the California Supreme Court raising three claims: (1) Petitioner did not shoot at the victim's house and thus he cannot properly be convicted of violating PC §246; (2) a PC §246 conviction may not be affirmed on "conscious disregard" theory of guilt where the jury was never instructed on that theory; and (3) the trial court prejudicially misinstructed the jury regarding the natural and probable consequences of co-defendant Macklin's target offenses. (Lodgment 3.) The first and second claims in the Petition for Review correspond respectively to Grounds Two and Three, while the third claim in the Petition for Review corresponds to Grounds Four and Five (combined) of the instant Petition. (See Petition at 6.)

Grounds Two and Three, however, were not fairly presented as federal constitutional claims to the California Supreme Court. Ground Two as presented in the Petition for Review does not state a federal claim; that is, it fails to describe both the operative facts and the federal legal theory on which this contention is based. (Lodgment 3 at 15-17.) See Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 2074 (1996); Gatlin v. Matting, 189 F.3d 882, 888 (9th Cir. 1999). As previously noted in Ground Two, Petitioner asserts that he did not shoot at the victim's house such that he could not properly be convicted of having violated PC §246. In his Petition for Review, Petitioner presented this claim to the California Supreme Court solely as a state law claim. Petitioner alleged no violation of any federal

5

1  constitutional division of any constitutional provision or the Federal
2  Constitution.  Indeed, Petitioner did not even mention the Federal
3  Constitution, any of it provisions or federal constitutional
4  principles generally.  Rather, relying on state cases, Petitioner
5  argued that the California Court of Appeal's interpretation of one of
6  the elements of the offense was erroneous under state law.
7  Accordingly, to the extent that this claim can be construed as a
8  federal claim, it is unexhausted as Petitioner did not allege any
9  federal constitutional violation in connection with this claim in the
10 California Supreme Court.  See Baldwin v. Reese, 541 U.S. 27, 32, 124
11 S.Ct. 1347 (2004).
12      Similarly, in Ground Three Petitioner claims that his conviction
13 for violating PC §246 cannot be affirmed on a "conscious disregard"
14 theory because the jury was not instructed on that theory.  In his
15 Petition for Review, Petitioner again relied exclusively on state
16 cases.  Thus, Ground Three is unexhausted as it was not fairly
17 presented as a federal constitutional claim to the California Supreme
18 Court.  See Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005).
19     The other Grounds raised in the Petition, Grounds One and Seven
20 through Eleven, have never been presented in any form to the
21 California Supreme Court in a Petition for Review or a Petition for
22 Writ of Habeas Corpus. (See Petition at 3, 8.)  These Grounds are
23 completely unexhausted.
24     Accordingly, this Court finds the within habeas corpus Petition
25 is a "mixed" petition setting forth claims that have been exhausted
26 (Grounds Four and Five) and claims that have not been exhausted in the
27 state courts (Grounds One, Two, Three and Seven through Eleven.)
28

**A.   Applicable Law**.

A mixed petition may be stayed pursuant to either <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005) or <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003). See <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009). Under <u>Rhines</u>, a District Court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims. In making this determination, however, the Court held that the stay and abeyance procedure must be applied consistently with AEDPA's twin purposes: "reducing delays in the execution of state and federal criminal sentences" and encouraging "petitioners to seek relief from state courts in the first instance." <u>Rhines</u>, 544 U.S. at 276. As a result, <u>Rhines</u> cautioned, a stay and abeyance should be available only in limited circumstances, and is appropriate only when the District Court determines that there was "good cause" for the failure to exhaust. <u>Rhines</u>, 544 U.S. at 277. See also <u>Wooten v. Kirkland</u>, 540 F.3d 1019 (9th Cir. 2008)(District Court must stay a mixed habeas petition containing both exhausted and unexhausted claims only if: (1) the petitioner has good cause for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics). A petitioner's mistaken belief that a claim was exhausted does not constitute "good cause." <u>Wooten</u>, 540 F.3d at 1024.

Under <u>Kelly</u>, the Ninth Circuit authorized a three-step procedure under which: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court stays and holds in abeyance the amended fully exhausted petition, allowing petitioner to proceed in state court to exhaust the deleted claims, and (3) petitioner later

amends the federal habeas petition to reattach the newly exhausted claims to the original petition. King, 564 F.3d at 1135. Utilizing this procedure, the petitioner is allowed to amend his claims back into his federal petition only if upon exhaustion those claims are determined to be timely. King, 564 F.3d at 1140-41.

Under Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120 (2001), the filing of a petition for federal habeas corpus relief does not toll AEDPA's statute of limitations (unlike an application for state habeas relief, which does). (Id. at 172.) Additionally, Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562 (2005) provides that a petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitations period only if the new claim shares a "common core of operative facts" with the claims in the pending petition; a new claim does not "relate back" to the filing of an exhausted petition simply because it arises from "the same trial, conviction or sentence." (Id. at 662-64, 125 S.Ct. 2562.) Because the Kelly procedure requires petitioners to dismiss their unexhausted claims and then attempt to add them back into the federal complaint later, the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim. Duncan and Mayle, taken together, make demonstrating timeliness of claims amended into federal habeas petitions after exhaustion often problematic. See King, 564 F.3d at 1141. The King court noted that the Kelly procedure is unlikely to be abused by late filing habeas petitioners who have not exhausted all of their federal claims and for whom the expiration of AEDPA's one-year limitation period is imminent.

In King, the Ninth Circuit held that a Kelly Stay "is in part an

exercise of litigants' usual prerogative, specifically recognized in Rose, to amend complaints if they can do so to make them cognizable in federal court." King, 564 F.3d at 1141. The Ninth Circuit affirmed the District Court's denial of a Kelly Stay because the claims that the petitioner sought later to amend would have been untimely and did not relate back to his timely claims. Thus, while a Kelly Stay does not "require the imposition of a special standard such as 'good cause,'" King, 564 F.3d at 1141, a petitioner must at least demonstrate that the claims he seeks to exhaust and later add by amendment will not be time-barred in federal court. See Id. at 1142-43 (holding that a petitioner may invoke Kelly's three-step procedure subject only to the requirement that the amendment of any newly exhausted claims back into the petition must satisfy the relation back of Mayle v. Felix, 545 U.S. 644, 651, 25 S.Ct. 2562 (2005)).

Here, Petitioner meets the criteria for a Kelly stay. Petitioner's state conviction became final on August 29, 2009 when he failed to file a Petition for Review forty days from issuance of the State Court of Appeal opinion following remand for resentencing. (Motion at 3-4.) See Cal.R.Ct. 8.500B, former Cal.R.Ct. 28(e); Smith v. Duncan, 297 F.3d 809, 812 (9th Cir. 2008). Petitioner therefore has one year – until August 2010 to present his unexhausted claims to the California Supreme Court by way of a properly filed petition.

**ORDER**

**IT IS HEREBY ORDERED** that (1) Respondent's Motion to Dismiss is Granted. The Petition is dismissed with leave to amend; (2) Petitioner has the following options: (a) Petitioner is granted a Kelly Stay and may, within 30 days of the date of this Order, file a

First Amended Petition with the Court containing his exhausted claims in Grounds Four and Five. The Court Clerk is **DIRECTED** to send Petitioner a blank habeas corpus form utilized in the United States District Court for the Central District of California. If Petitioner wishes to proceed pursuant to a Kelly Stay, Petitioner must file a habeas petition in the California Supreme Court within 30 days of this Order containing the claims in Grounds One, Two, Three and Seven through Eleven, and must thereafter, file a Status Report with this Court every 30 days advising the Court of the status of his habeas petition pending in the California Supreme Court. After the California Supreme Court has issued its decision (assuming the California Supreme Court denies the Petition) Petitioner must file a Second Amended Petition in this Court containing his original exhausted claims (Grounds Four and Five) as well as the newly exhausted claims within 30 days of the Supreme Court's decision. Petitioner is warned that any future federal habeas petition by Petitioner addressing the same conviction may be precluded as untimely by the statute of limitations under 28 U.S.C. §2244(d); or (b) If Petitioner fails to pursue Option 1 above, the Court will issue a Report and Recommendation recommending dismissal of the Petition as a "mixed" petition.

DATED: May 14, 2010

              /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE